# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **WILLIAM SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:14-15068 |
| ) | |
| **STATE JUDICIAL COURT OF** ) | |
| **TAZEWELL COUNTY VIRGINIA,** ) | |
| ) | |
| **Defendant.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On April 21, 2014, Plaintiff, indicating a West Virginia address and acting *pro se*, filed a Complaint claiming entitlement to relief for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] (Document No. 1.) Plaintiff names the State Judicial Court of Tazewell County, Virginia, as the Defendant. (Id.) Plaintiff paid the Court's filing fee. In his Complaint, Plaintiff appears to complain that his constitutional rights were violated as a result of (1) an improper conviction for domestic battery, and (2) his loss of custodial rights to his child. (Id.)

First, Plaintiff argues that his constitutional rights were violated as a result of an improper conviction for domestic battery. (Id., p. 1.) Plaintiff argues that "federal amendments, federal and state laws, allow the non-custodial parent to use enough physical force necessary to ensure the safety of that child." (Id.) Plaintiff claims this "is a legal defense under the law for a not guilty verdict." (Id.) Plaintiff explains that in his first "trial in Tazewell County, Virginia, for misdemeanor domestic violence, Mr. Smith was not allowed to speak or present evidence of child endangerment by the

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

custodian parent." (Id.) Plaintiff states that he was "granted a new trial based on the removal of his 6th Amendment rights." (Id., pp. 1 and 21.) Plaintiff, however, complains that the "State Judicial Court of Tazewell County, Virginia held a 2nd trial for misdemeanor domestic violence having full knowledge that double jeopardy was attached under the 5th Amendment to the federal amendments, which prevented Tazewell County from holding a trial of guilt." (Id., pp. 1 - 2, and 21.) Plaintiff further claims ineffective assistance of counsel. (Id., pp. 2, 21 - 22.) Specifically, Plaintiff complains that his defense counsel acted ineffectively by failing to inform the jury that "double jeopardy was attached and a guilty verdict could not be rendered" and "that the custodian parent threatened physical harm to Mr. Smith's child." (Id.) Plaintiff argues that he was convicted due to a "conspiracy between state agencies, state judicial judges, private attorneys, and court psychologist Rick Teague in child custody, child support and domestic violence cases." (Id.) Finally, Plaintiff complains that he cannot own a firearm due to his improper conviction. (Id., p. 6.)

Second, Plaintiff argues that his custodial rights regarding his child were improperly terminated in Tazewell County, Virginia. (Id., p. 3.) Specifically, Plaintiff contends that his custodial rights were improperly terminated because the "State Judicial Court of Tazewell County, Virginia, must prove that a crime was committed against the child or there is an endangerment to the child by that parent." (Id., pp. 3, 12 - 13, 16.) Plaintiff argues that his "records for child custody show no such crimes or endangerment to said child." (Id., p. 3.) Plaintiff further contends that the evidence did not support the termination of his custodial rights. (Id., pp. 7 - 9, 17 - 20.) Plaintiff states that during his "child custody and child support cases, the Tazewell County Judicial Court declared itself the supreme law of the land when it made Mr. Smith a non-custodian parent with no evidence of a crime. That's called treason!" (Id., pp. 3, 14 - 15.) Plaintiff further states that the "State Judicial

Court of Tazewell County, Virginia, transfers Federal amendment rights to itself in most child custody cases, then orders child support to the non-custodial party for crimes that the State Court committed against the non-custodial parent . . . increasing tax funding to the Court." (Id., p. 4.) Plaintiff asserts that "removal of the federal amendments through a non-custodial parent without any evidence of a crime or child endangerment is not a Republican form of government." (Id., p. 5.) Plaintiff claims that "Tazewell County Judicial Court is aiding foreign enemies by removing protections of federal amendments, federal and state laws to each and every United States citizen." (Id.) Finally, Plaintiff concludes that the State Judicial Court of Tazewell County "is a powerful and well funded criminal organization [and] Mr. Smith fears for his life [because] this criminal organization has the funds to plan evidence, hire assassins, uses corrupt law enforcement officers to assassinate or target Mr. Smith's family." (Id., p. 6.)

As relief, Plaintiff requests the following: (1) "Restore the Federal Constitution of the 2nd Amendment to all citizen who were convicted of misdemeanor domestic violence once they serve their time;" (2) "Joint custody to all child custody cases if no child endangerment is present;" (3) "In all non-custody cases that parent has the right to ensure proper medical care without permission of the State Judicial Court or the custodian parent;" (4) "A state agency that investigates State Judicial Judges of crimes against the Federal amendments, state laws, and the citizens of the United States;" (5) "Restore Mr. Smith's 2nd Amendment rights by overturning the conviction of assault and battery immediately as required by Federal law;" (6) "Destroy all records to child custody and back child custody concerning Mr. Smith;" (7) "Prosecute the named judges, court psychologist Rich Teague[2], court appointed lawyer David Harmon, and Cathy Smith Wimmer;"[3] and (8) "[T]he

---

[2] Witnesses who testify in Court, including police officers, are absolutely immune from any claims relating to their testimony. *Briscoe v. LaHue*, 460 U.S. 325, 326, 103 S.Ct. 1108, 75 L.Ed.2d

removal of all State Judicial Judges to include Commonwealth Attorney's Office from holding any State or Federal job." (Id., p. 23.)

## THE STANDARD

Plaintiff acting *pro se* has paid the Court's filing fee. Therefore, it appears that 28 U.S.C. §§ 1915A requiring screening and 1915(e) which applies to proceedings *in forma pauperis* do not apply. See Burgess v. Clinton, 2009 WL 2048916 at fn. 1 (D.S.C.), stating that "[a]uthority in this District indicates that pre-screening, under 28 U.S.C. § 1915, is inapplicable in *pro se* non-prisoner fee-paid cases" and citing Bardes v. Magera, 2008 WL 2627134 (D.S.C.), in which the Court determined that Section 1915(e)(2) does not apply to actions wherein upon initiating the actions, the plaintiffs pay the Courts' filing fee rather than requesting to proceed *in forma pauperis*. District Judge Harwell therefore made it clear in Burgess that "[t]his Court is *not* conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2)." Burgess v. Clinton, 2009 WL 2048916 at fn. 1 (D.S.C.).

---

96 (1983)(witnesses in judicial proceedings receive "absolute immunity from damages liability under § 1983 based on their testimony").

[3] It is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Thus, Plaintiff has no right to initiate criminal proceedings against "the named judges, court psychologist Rich Teague, court appointed lawyer David Harmon, and Cathy Smith Wimmer." *Young v. Herald*, 2005 WL 1048117, * 8 (E.D.Ky.)(stating that the authority to initiate criminal complaints rests exclusively with state and federal prosecutors); *Kennedy v. Anderson*, 373 F.Supp 1345, 1346 (E.D.Okl. 1974)(stating that any charge brought under 18 U.S.C. § 242 "may only be initiated by a federal grand jury or a United States Attorney"); and *Dixon v. State of Maryland*, 261 F. Supp. 746 (D.Md. 1966)(Prisoner could not institute criminal proceedings against a State or its officers for violation of his rights under the color of law). Furthermore, the Court does not have the authority to direct that an individual be prosecuted. *See United States v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(stating that the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); *Inmates of Attica Correctional Facility v. Rockefeller*, 447 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney). Based on the foregoing, the undersigned finds that Plaintiff's request that criminal proceedings be initiated should be denied.

Rather District Judge Harwell stated that "[t]he Plaintiff's complaint is subject to review pursuant to the inherent authority of this Court." It is clear that District Courts have the inherent authority to dismiss *sua sponte* frivolous complaints filed by *pro se* plaintiffs who pay the Court's filing fee. See Ross v. Baron, 493 Fed. Appx. 405, 406 (4th Cir. 2012)("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. [citations omitted] In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") The undersigned hereby proposes that the District Court exercise its inherent authority in considering Plaintiff's Complaint and dismiss it on grounds that it is not properly venued in this Court, and as containing frivolous allegations and claims for which relief cannot be granted.

## ANALYSIS

**1.   Improper Venue:**

In his Complaint, Plaintiff alleges that his constitutional rights were violated as a result of (1) an improper conviction for domestic battery, and (2) his loss of custodial rights to his child. (Document No. 1.) Thus, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1391(b), a Section 1983 or Bivens claim "may be brought only in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no judicial district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." See Stafford v. Briggs, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980)(finding that the venue provisions relating to civil actions in which a

5

defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority are not applicable to actions for money damages brought against federal official in their individual capacities); also see Howard v. Birchfiled, 2009 WL 3617224 (W.D.Okla. Oct. 28, 2009)("Because 42 U.S.C. § 1983 does not contain a specific venue provision, venue for a § 1983 action is determined by the general venue statute, 28 U.S.C. § 1391(b)."); Byrd v. United States, 2010 WL 4922519 (E.D.Va. 2010)(finding that *Bivens* actions are governed by Section 1391(b)).

In the instant case, Plaintiff names the State Judicial Court of Tazewell County, Virginia, as the sole Defendant. Thus, the named Defendant is located in the Western District of Virginia and not a resident of the State in which this District Court is located. Additionally, Plaintiff fails to allege that a substantial part of the events or omissions giving rise to his claim occurred in this District. Instead, Plaintiff alleges that a substantial part of the events giving rise to his claim occurred in the Western District of Virginia. Accordingly, the United States District Court for the Western District of Virginia is the proper venue with jurisdiction over Plaintiff's claims.

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). For the reasons stated below, the undersigned finds that the interest of justice does not require the transfer of this matter to the Western District of Virginia.

**2.    Improper Party:**

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983

6

provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. In Monell, the Supreme Court recognized that municipalities and municipal officials sued in an official capacity are suitable "persons" for such purposes. Monell, 436 U.S. at 690, 98 S.Ct. at 2035. The Supreme Court, however, later clarified that states, state agencies, or state officials sued in their official capacities cannot be sued for damages under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution);[4] Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), cert. denied, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). Accordingly, the undersigned finds that the State Judicial Court of Tazewell County, Virginia, must be dismissed because it is not a "person" as required by Section 1983.

3.   **Challenge to Conviction:**

In the instant case, Plaintiff alleges that his constitutional rights were violated during the course of his criminal proceeding in Tazewell County, Virginia. Specifically, Plaintiff challenges

---

[4] The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

the validity of his conviction for domestic battery based upon double jeopardy and ineffective assistance of counsel. Given the nature of Plaintiff's allegations, it appears that he is implying that his conviction is invalid as a result of various constitutional violations occurring during his criminal proceedings. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372; also see Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). There is no evidence that Plaintiff either successfully appealed his conviction or filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that Plaintiff's above claim be dismissed.

**4.** ***Rooker-Feldman* Doctrine.**

"Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d

728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)); also see Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 191, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006). In the instant case, Plaintiff is essentially asking this Court to review and reject the findings of a State Court in Tazewell County, Virginia. In support of his request, Plaintiff alleges the State Court erred in terminating his custodial rights to his child. Additionally, Plaintiff contends that the State Court erred by failing to find that Cathy Smith Wimmer was an accessory to child endangerment. Plaintiff requests that this Court order that his custodial rights be reinstated. Accordingly, the undersigned finds that the *Rooker-Feldman* Doctrine precludes Plaintiff's indirect attempt to appeal a State court decision to this Court.

**5.** **Judges McGlothlin, Mullins, McClintock, and Vanover:**

Plaintiff appears to allege that Judges McGlothlin, Mullins, McClintock, and Vanover violated his constitutional rights by terminating his custodial rights and allowing Plaintiff to be tried and convicted of domestic battery. (Document No. 1, pp. 19 - 21.) "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 80 U.S. 335, 80 S.Ct. 335, 20 L.Ed. 646 (1872)." Imbler v. Patchman, 424 U.S.

409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." Jackson v. Houck, 181 Fed. App'x 372, 372 (4th Cir. 2006)(quoting Mireles v. Waco, 502 U.S. 9, 12-13 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Based on the allegations contained in the Complaint, the undersigned finds that Judges Judges McGlothlin, Mullins, McClintock, and Vanover are absolutely immune from suit under Section 1983.

**6.     David Harmon and Cathy Smith Wimmer:**

Although not named as Defendants in the Complaint, Plaintiff indicates misconduct by David Harmon and Cathy Smith Wimmer. (Document No. 1, p. 22.) Plaintiff appears to contend that David Harmon violated his constitutional rights by providing ineffective assistance of counsel. Plaintiff also appears to allege that Cathy Smith Wimmer violated his constitutional rights by giving false testimony. Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. First, the Court finds that Mr. Harmon was not a "state actor." It is well established that an attorney does not act under the color of state law when retained or court-appointed. Vermont v.

Brillon, 556 U.S. 81, 91, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 3325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), cert denied, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."). Next, the undersigned finds that although Ms. Wimmer may have been called as a witness for the State, she was not a "state actor" for purposes of Section 1983.[5] "[P]rivate citizen witnesses are not 'state actors' . . . under § 1983." Nelson v. Thornsbury, 2010 WL 1038509 (S.D.W.Va. Jan. 12, 2010); also see Hall v. Watson, 2007 WL 1447755 (D.S.C. May 11, 2007)(finding that a detective "testifying as a witness at the preliminary hearing, was not a state actor.") Thus, Plaintiff cannot pursue a Section 1983 claim against Mr. Harmon or Ms. Wimmer.

**7.     Plaintiff's Claim of Conspiracy:**

The undersigned finds that Plaintiff's conclusory allegations of a conspiracy do not establish a constitutional violation. Specifically, Plaintiff alleges that the State Judicial Court of Tazewell County, Virginia, Mr. Harmon, and Ms. Wimmer conspired against him to improperly convict Plaintiff of domestic battery and to terminate his custodial rights. To allege a claim of conspiracy,

---

[5] Even assuming Ms. Wimmer was a state actor, she would be entitled to absolute immunity. Witnesses who testify in Court, including police officers, are absolutely immune from any claims relating to their testimony. *Briscoe v. LaHue*, 460 U.S. 325, 326, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)(witnesses in judicial proceedings receive "absolute immunity from damages liability under § 1983 based on their testimony").

Plaintiff must establish the following elements: (1) an agreement between two or more persons, which constitutes the act, and (2) the doing of either an unlawful act or a lawful act by unlawful means. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996), cert. denied, 519 U.S. 1151, 117 S.Ct. 1087, 137 L.Ed.2d 221 (1997). Mere conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore, fails to state a cognizable claim. See Brown v. Angelone, 938 F.Supp. 340, 346 (W.D. Va. 1996). Plaintiff does not allege any facts to establish that the above named individuals formed an agreement to falsely convict or improperly terminate custodial rights based upon insufficient evidence. Plaintiff's claim, therefore, does not rise to the level of constitutional magnitude.

### 8. **Plaintiff's Request that his Constitutional Rights be Restored.**

In his Complaint, Plaintiff requests that his right to possess a firearm be restored so that he may possess a firearm without being in violation of 18 U.S.C. § 922(g)(9)[6] and Va. Code § 18.2-308. (Document No. 1, p. 6.) Title 18 U.S.C. § 921(a)(20) provides three methods for a state or the federal government to forgive a conviction so that it cannot give rise to a prosecution under Section 922(g)(1): pardon, expungement, or a restoration of civil rights. United States v. Schnell, 353 Fed.Appx. 12 (7th Cir. 2009). "Only the jurisdiction that obtained a conviction may forgive that conviction for purposes of § 921(a)(20)." Id. at 15(noting that"only the federal government may forgive a federal felony. . . Thus, if a state restores a felon's civil rights, that individual's firearms restrictions 'imposed as a result of ... *federal* convictions' remain intact."). In the instant case,

---

[6] Title 18 U.S.C. § 922(g)(9) prohibits the possession of a firearm by a person convicted of a misdemeanor crime of domestic violence. It has been recognized that Section 922(g)(9) does not violate a defendant's right to possess a firearm for the purpose of hunting because the statute is a reasonable remedy to satisfy the government's important interest in reducing domestic gun violence. *See United States v. Walker*, 709 F.Supp. 460 (E.D.Va. April 21, 2010).

Plaintiff requests that his conviction obtained in Tazewell County, Virginia, be forgiven and his right to possess a firearm be restored. The undersigned, therefore, finds that this Court is without jurisdiction to forgive Plaintiff's conviction obtained in the State of Virginia.[7]

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and

---

[7] Title 18 U.S.C. § 925(c) provides for the restoration of an individual civil rights "from disabilities imposed by *Federal laws* with respect to the . . . possession of firearms." 18 U.S.C. § 925(c)(emphasis added). Specifically, Section 925(c) states as follows:

> A person who is prohibited from possessing . . . firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the . . . possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial.

*Id.* Plaintiff, however, does not indicate that he has contacted the United States Attorney General. Thus, there is no indication that Plaintiff has received a denial of his request.

Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: April 29, 2014.

R. Clarke VanDervort
United States Magistrate Judge