## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BLUEFIELD

WILLIAM SMITH,

       Plaintiff,

v.                                 CIVIL ACTION NO. 1:14-15068

STATE JUDICIAL COURT OF
TAZEWELL COUNTY VIRGINIA,

       Defendant.

### MEMORANDUM OPINION AND ORDER

By Standing Order, the action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted his Findings and Recommendation ("PF&R") to the court on April 29, 2014, in which he recommended that the court dismiss plaintiff's complaint, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations. On May 5, 2014, plaintiff filed objections. Plaintiff has also filed a number of documents in support of his objections. See ECF Nos. 5, 6, 9, 10, and 11. With respect to plaintiff's objections, where they are responsive to the PF&R, the court has conducted a de novo review.

Plaintiff's pro se complaint against the "State Judicial Court of Tazewell County Virginia" arises out of the proceedings surrounding and his conviction for misdemeanor domestic violence in that court.  Smith also complains that his parental rights were improperly terminated in that court.

In his PF&R, Magistrate Judge VanDervort found that venue in this court was improper and that, instead, the lawsuit should have been filed in the Western District of Virginia.  Recognizing the power of the court to transfer a matter for improper venue to the correct court, Magistrate Judge VanDervort recommended that this court decline to do so for a number of reasons.  First, the magistrate judge recommended dismissal because the State Judicial Court of Tazewell County Virginia is not a proper defendant in an action under 42 U.S.C. § 1983.  Magistrate Judge VanDervort also noted that the complaint was subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), and the Rooker-Feldman doctrine.  Magistrate Judge VanDervort further recommended that the claims against the judges mentioned (although not specifically named as defendants) were barred by judicial immunity.  As to plaintiff's allegations against David Harmon and Cathy Smith Wimmer, the PF&R noted that Harmon and Wimmer were not state actors under § 1983.  The PF&R also recommended dismissal of the conspiracy claim for failure to state a cognizable claim.  Finally, with respect to Smith's request that

2

his firearm rights be restored, Magistrate Judge VanDervort noted it was without jurisdiction to entertain the request.

Smith's objections are focused on the PF&R's recommendation regarding judicial immunity. According to Smith, "the Federal Constitution implies limited immunity for State Judges [and t]here is only one judicial court in the United States, that has the power and authority to grant a dismissal to to the State Judicial Judges of Tazewell County Virginia for absolute immunity. That court is United United States Supreme Court." ECF No. 4, pp. 1-2. He goes on to state: "The United States Supreme Court is the only court in the United States that can interpret, whether absolute immunity to the State Judicial Judges super[s]edes the Federal Constitution for the citizen of the United State[s]. It is written in stone! This is a matter that can only be resolved by the Supreme Court of the United States. Does absolute immunity super[s]ede the Federal Constitution. Or does the Federal Constitution super[s]ede absolute immunity. The Supreme Court must render a decision whether absolute immunity to state Judicial Judges super[s]edes Federal Constitution for dismissal of Civil Action No. 1:14-15068. Or Federal Constitution super[s]edes absolute immunity to the State Judicial Judges of Tazewell County Virginia, for trial by jury!" Id. at p. 4.

To the extent plaintiff argues that the Supreme Court
must issue a decision regarding the scope of judicial immunity,
the Court has done so.  "As early as 1872, the Court recognized
that it was 'a general principal of the highest importance to the
proper administration of justice that a judicial officer, in
exercising the authority vested in him, [should] be free to act
upon his own convictions, without apprehension of personal
consequences to himself.'"  Stump v. Sparkman, 435 U.S. 349, 355
(1978) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)).
For that reason, judges "are not liable to civil actions for
their judicial acts, even when such acts are in excess of their
jurisdiction, and are alleged to have been done maliciously or
corruptly."  Bradley, 13 Wall. 335, 351.  This judicial immunity
applies even in suits brought pursuant to 42 U.S.C. § 1983.
Stump, 435 U.S. at 356.  "Few doctrines were more solidly
established at common law than the immunity of judges from
liability for damages for acts committed within their judicial
jurisdiction."  Pearson v. Ray, 386 U.S. 547, 553-54 (1967).
Judicial immunity applies even where a "judge is accused of
acting maliciously and corruptly, and it is not for the
protection or benefit of a malicious or corrupt judge, but for
the benefit of the public, whose interest it is that the judge's
should be at liberty to exercise their functions with
independence and without fear of consequences."  Mireles v. Waco,

4

502 U.S. 9, 12-13 (1991).  Only when a judge has acted in "clear

absence of all jurisdiction" does judicial immunity not attach to

a judge's actions.  Stump v. Sparkman, 435 U.S. 349, 356-57

(1978).

In determining whether a judge's action is a judicial one

for purposes of immunity, a court is to consider "the nature of

the act itself, i.e., whether it is a function normally performed

by a judge, and [ ] the expectations of the parties, i.e.,

whether they dealt with the judge in his official capacity."  Id.

at 362.  Significantly, "a judge's immunity is not pierced by

allegations that he conspired with others to do an allegedly

unlawful act so long as the act is within his judicial powers."

Plotzker v. Lamberth, Civil No. 3:08cv00027, 2008 WL 4706255, *4

(W.D. Va. Oct. 22, 2008) (citing Dennis v. Sparks, 449 U.S. 24

(1980)).

Plaintiff's allegations make clear that all of the

actions taken by the judges in the state proceedings were taken

in the course of their official capacities as judges.  None of

the allegations in plaintiff's complaint can be construed as

alleging action taken outside of official capacity nor is there

any indication that the judges lacked jurisdiction to hear the

cases of which plaintiff complains.  Accordingly, plaintiff's

objection thereto is **OVERRULED**.

For the foregoing reasons, the court adopts the Findings and Recommendations of Magistrate Judge VanDervort, **DISMISSES** plaintiff's complaint and directs the Clerk to remove these matters from the court's docket.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 21st day of August, 2017.

ENTER:

David A. Faber
Senior United States District Judge